WILLIAM S. LELAND & others, Trustees, *vs.* CHARLES F. ADAMS, Trustee.

The word " estate," in a will made before the Rev. Sts. *c.* 62, § 4, although accompanied by words of locality, passed a fee, unless controlled by other parts of the will.

A fee passed by the following devise, made before the Rev. Sts., although words of inher- itance were annexed to other devises in the same will — " To A. I give and devise all my lands and tenements in W., with the privileges and appurtenances to the same belong- ing, containing four hundred acres, be the same more or less.   This estate was formerly the property of G., and I now devise it as a token of my respect for the devisee, and in consideration of his services in directing the education of my two grandsons."

WRIT OF ENTRY to recover land in Weston.   Both parties claimed title under the will of Ward Nicholas Boylston, exe- cuted in 1826, and proved in 1828, which contained this devise : " To His Excellency John Quincy Adams, one of my execu-

tors, I give and devise all my lands and tenements in Weston, in the county of Middlesex, Massachusetts, with the privileges and appurtenances to the same belonging, containing four hundred acres, be the same more or less. This estate was formerly the property of Lt. Gov. Gill, and I now devise it as a token of my respect for the devisee, and in consideration of his services in directing the education of my two grandsons, Ward Nicholas and Thomas, sons of John Lane Boylston."

Said will contained no other specific devise of these lands; but, after various other legacies and devises, (in some of which he used words of inheritance,) gave, devised and bequeathed to trustees, (whose successors the demandants were,) " all my estates, both real and personal, with all the privileges and appurtenances to the same belonging, wherever the same may be found, not otherwise herein absolutely and specifically devised and bequeathed: To have and to hold the said real estate, and to possess said personal property, to them and to the survivors or survivor of them, and their successors, to be appointed as herein provided for, as joint tenants in fee, and not as tenants in common," upon certain trusts.

John Quincy Adams was appointed by the will one of the executors thereof, one of said trustees, and sole guardian of said grandsons of the testator, and accepted all these trusts, and entered upon the land mentioned in the specific devise to him, and devised it to the tenant.

The case was submitted to the decision of the court, and argued in writing, upon a statement of facts, so much of which as is material to the point decided is above stated. So much of the statement and arguments as does not relate to that point is omitted.

*E. R. Hoar & W. Dwight,* for the demandants. At the time when this devise took effect, a devise of lands and tenements, without words of limitation, gave the devisee only a life estate. 2 Jarman on Wills, 172. *Hawley* v. *Northampton*, 8 Mass. 3. *Wait* v. *Belding,* 24 Pick. 133. *Doe* v. *Baines,* 2 Cr., M. & R. 26. *Doe* v. *Roberts,* 7 M. & W. 387. Co. Lit. 9 *b.* Such a devise would not give a fee, unless there were other words in the

will to show the testator's intent to pass a fee; or unless the devise was for some purpose which could not be effected without a larger estate than an estate for life. *Bowers* v. *Porter*, 4 Pick. 203. *Baker* v. *Bridge*, 12 Pick. 32. There are no words in this will, enlarging the estate devised into a fee. The word "estate" is, by its reference, restricted to the antecedent words of devise. It is a word of reference, and means no more than the words to which it refers. *Doe* v. *Clayton*, 8 East, 144.

The use of apt and technical words to pass a fee, where such was the purpose, in other parts of the will, makes it clear that the testator understood the force of words of limitation; and requires the court to give effect to their omission. *Roe* v. *Holmes*, 2 Wils. 80. *Cook* v. *Holmes*, 11 Mass. 532.

*F. E. Parker*, for the tenant. The testator by this devise intended to pass the fee. This appears

1. From the omission to devise the remainder specifically, and by comparison with the rest of the will. *Gleason* v. *Fayerweather*, 4 Gray, 348. The residuary devise to trustees is not of reversionary estates, but of lands, as is shown by its being in the plural; by the "wherever found;" and by the *habendum* "as joint tenants in fee" — which could not be said of a fee or other technical estate.

2. From the use of the word "estate," which "shall carry a fee, where the testator has a fee, unless the intention is broken in upon by other expressions in the will, clearly shewing that it is intended to give it a more limited construction." *Doe* v. *Lawton*, 4 Bing. N. C. 461. *Brown* v. *Wood*, 17 Mass. 68. *Godfrey* v. *Humphrey*, 18 Pick. 539. *Kellogg* v. *Blair*, 6 Met. 325. *Tracy* v. *Kilborn*, 3 Cush. 558. "And it is now settled, that the word 'estate' will carry the inheritance, though it be accompanied by words of locality, or other expressions referable exclusively to the *corpus* of the property." 2 Jarman on Wills, 181. *Lambert* v. *Paine*, 3 Cranch, 98. *Doe* v. *Lawton*, 4 Bing. N. C. 455. *Chichester* v. *Oxendon*, 4 Taunt. 176. *Roe* v. *Wright*, 7 East, 259. *Gardner* v. *Harding*, 3 Moore, 565. *Stewart* v. *Garnett*, 3 Sim. 398. Nor is the word "estate" restricted by being used as a word of reference to other words of locality. *Roe* v. *Bacon*,

4 M. & S. 366. *Uthwatt* v. *Bryant,* 6 Taunt. 317. *Randall* v. *Tuchin,* 6 Taunt. 410.

In this will, the first clause does not complete the devise, but is used to ascertain the locality; while the second clause makes certain the quantity of the estate and the motive of the devisor, and the operative words, " I now devise," are there again employed.

*Hoar & Dwight,* in reply. The case of *Gleason* v. *Fayerweather,* 4 Gray, 348, was decided under the provisions of the Rev. Sts. *c.* 62, § 4, which have reversed the rule of construction in force when this will was made and proved.

The rule, as stated in *Randall* v. *Tuchin,* 6 Taunt. 416, is that " the word estate " must be " used in the operative part of the devise; not introduced incidentally after the devising part is perfected, but introduced in the devise itself." And in all the cases cited by the tenant the word estate is not a word of reference, but is the word of devise; and the cases go upon that distinction.

The word relied upon in the present case occurs in an independent and separate sentence, stating an immaterial circumstance in the history of the farm, and expressing the testator's respect for the devisee, and acknowledgment of the devisee's services in directing the education of his grandsons. It is a word used in the statement of a former ownership, and not of the ownership or title which is the subject of this devise.

If the devise in question was of a life estate, then the remainder was an estate " not otherwise herein absolutely and specifically devised."

METCALF, J. The will of Mr. Boylston, having been made in the year 1826, before a new rule for the construction of devises of land was prescribed by the Rev. Sts. *c.* 62, § 4, must be construed by the rules of law which were in force when it was made. And we are all of opinion that by that will, so construed, Mr. Adams took a fee in the premises demanded in this writ. As we view the devise to him, its meaning and effect are the same as they would have been if the words of it had been arranged thus: " I give and devise all my lands and tene-

ments in Weston, in the county of Middlesex, Massachusetts, with the privileges and appurtenances to the same belonging, containing four hundred acres, be the same more or less, which were formerly the estate of Lt. Gov. Gill, and which estate I now devise in token of respect for the devisee." We view the second sentence in this devise, as it stands in the will, not as introduced incidentally after the devising part was perfected, (as in *Doe* v. *White*, 1 Exch. 535,) but as an operative part of the devise. In that sentence, the devisor expressly repeats the devise of the " estate" which, in the first sentence, he devised by the words " lands and tenements." Both must be taken together.

The word " estate," in a devise, has repeatedly been held sufficient to give a fee, if the devisor had a fee, although the word is accompanied by words of locality, (as in this case,) or other expressions exclusively referable to the *corpus* of the property. *Doe* v. *Lawton*, 6 Scott, 318, and 4 Bing. N. C. 461. In *Randall* v. *Tuchin*, 2 Marsh. 117, Chief Justice Gibbs thus states the law on this subject : " It is admitted very properly, that the word ' estate ' or ' estates ' will carry a fee, unless the other parts of the will restrain the effects of it. Formerly, a narrower construction prevailed, and it was held that if the word ' estate ' were attended by words designating the thing devised, or its situation, it was to be considered not as descriptive of the interest intended to be passed, but only of the lands themselves which were the subject of the devise. Latterly, however, a more liberal construction has been adopted ; and the word ' estate,' though it be followed by words which point at the situation, or at the particular house or land, has been held to convey a fee simple. It may be restrained ; it may be shown by other parts of the will, that the testator has used the word ' estate,' as descriptive only of the thing devised, and not of the interest meant to be conveyed; but then it lies on the party who contends for this narrow construction, to show that there are such words of restraint in the will." In this case of *Randall* v. *Tuchin*, which is reported also in 6 Taunt. 410, C., after devising several dwelling-houses to T., (particularly describing them,)

added these words : " All which estates, being copyhold of the manor of Kennington, I devise to T. for life, and, after his decease, to his son M." It was decided that M. took an estate in fee in the copyhold. So in *Roe* v. *Bacon*, 4 M. & S. 366, B. devised to his wife thus : " All and singular my freehold lands, messuages and tenements at T. & H., or elsewhere, together with all my household goods, cattle," &c. " for her natural life, and after her decease, then all the said estates, goods," &c. " to be divided among my sons, T., J., H. and P., and my son-in-law C., share and share alike." Lord Ellenborough and his associates decided that the sons took a fee, after the death of the wife. In *Uthwatt* v. *Bryant*, 6 Taunt. 317, and 2 Marsh. 30, A. devised all his freehold lands, tenements, hereditaments and premises in the parish of B. to certain persons for life, with remainders over, and on the happening of a certain event, devised his said freehold estate in the parish of B. to his daughters, as tenants in common, and if they should die in the lifetime of his wife, then he devised all his said freehold estate in the parish of B. to his wife and her heirs forever. Chief Justice Gibbs and his associates certified their opinion to the Vice Chancellor, that the daughters took a fee. These cases are decisive that the word " estate," even when used in a will as a word of reference, will carry a fee, unless other parts of the will show that such was not the testator's intention. In the present case, the whole will clearly tends to show that Mr. Boylston intended to give the Weston lands to Mr. Adams in fee. But we place our decision on the grounds and authorities above mentioned, without seeking other reasons in confirmation of it.

*Judgment for the tenant.*